IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANA ESCOFFIER,  :

   Plaintiff,  :

v.  :  CA 22-00198-JB-C

iSTORAGE PO, LLC  :

   Defendant.  :

## REPORT AND RECOMMENDATION

On May 1, 2023, iStorage PO, LLC ("iStorage or Defendant"), filed a motion to dismiss this action based on a failure to prosecute on the part of Dana Escoffier ("Plaintiff") (Doc. 29).[1] A response to the motion was filed on May 12, 2023 (Doc. 31) and a hearing on the motion was held by telephone conference on June 6, 2023 (Doc. 37). After a review of the record and consideration of the comments presented during the hearing, it is determined that Defendant's motion is due to be denied without prejudice but that Plaintiff should be ordered to arbitrate his claims for a second time and warned that if he does not comply, his action will be subject to being dismissed because of his refusal to obey the court orders and heed the Court's warning.

I. **Procedural History and Background**

This matter, which was ordered to arbitration on March 1, 2023, now comes before the court on Defendant's motion to dismiss premised on the basis that Plaintiff has failed or refused to submit his action to arbitration in violation of the Court's Order, *i.e.*, a failure

---

[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). (Clerk's referral on May 1, 2023).
.

1

to prosecute his contract action. (Doc. 29). The action stems from Mr. Escoffier's contract dispute with the current owner of a storage unit that he rented over several years.

The Recommendation to grant Defendant's motion to compel arbitration was entered on January 1, 2023 (Doc. 27) after briefing (Docs. 3, 13, 22, and 23) and a hearing held on August 8, 2022.[2] The Report and Recommendation was adopted by Judge Granade on March 1, 2023 without an objection having been filed by Mr. Escoffier. (Doc. 28).

Following the entry of Judge Granade's Order, Defendant sent a written demand for arbitration on March 6, 2023. Doc. 29-1, PageID.181-182. This demand was an attempt to get the arbitration underway with the selection of an arbitrator in compliance with the agreement of the parties. *Id*., at PageID.185. The certified letter containing the demand was returned unclaimed with notice that the Post Office was unable to forward. *Id.* at PageID190.

Defendant resent its written demand for arbitration on April 4, 2023 by both U.S. Mail and e-mail. *Id*. at PageID.188-189. This letter was not returned by the Post Office and Defendant received no indication that the e-mail had not been delivered to Plaintiff. Plaintiff did not respond to Defendant's attempts to begin the arbitration process. Given a lack of response from the Plaintiff, Defendant filed its motion to dismiss on May 1, 2023.

Once Defendant's motion was taken under submission, Plaintiff was provided the opportunity to respond, if that response was filed not later than June 1, 2023. Doc. 30. Plaintiff responded in two ways. First, he filed a response to the motion on May 12, 2023 (Doc. 31). Secondly, and tellingly as to his intent to comply with Judge Granade's Order,

---

2 Although Plaintiff was unable to inform the Court of the date on which he first received and/or read the Report and Recommendation, it was served on him electronically on January 23, 2023 (See Clerk's Electronic Document Stamp of 1/23/23).

he filed a request that Judge Granade conduct a *de novo* review of the Report and Recommendation coupled with a request that she reconsider her Order requiring that the parties arbitrate their dispute. Doc.35, May 26, 2023. This motion came 123 days after the Report and Recommendation was entered and served and 86 days after Judge Granade adopted the Report and Recommendation and ordered the case to arbitration.3

It is also noteworthy that Plaintiff filed his current motion only after the Defendant filed a motion to dismiss. Even though Mr. Escoffier attempts to excuse not bringing his requests for reconsideration timelier, it is evident from his statements during the last hearing, that he continues to disagree with the court's decision and wanted to relitigate his position rather than engage in arbitration. This is determined to be his main reason for not cooperating with the Defendant's attempt to move forward in arbitration and that decision is determined to be an intentional decision.

## II. Legal Standard

"Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *See* Fed.R.Civ.P. 41(b)." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." (*Id.*).

"Although the court has the authority to do so, 'dismissal with prejudice ... is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt,' and '(2) the district court specifically finds that lesser sanctions would not suffice.'" *Amerson v. Commissioner, Georgia Department of*

---

3 Plaintiff's combined motion for *de novo* review and reconsideration was denied on June 26, 2023. Doc. 38.

*Corrections*, 2022 WL 628418, at *3 (11th Cir., 2022) (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).  It has been called a "sanction of last resort that is to be utilized only in extreme situations." *Morewitz v. West of England Ship Owners' Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

**III.   Analysis.**

    **A.   Extent of Delay and Party Responsible.**

Since the entry of the order compelling arbitration (March 1, 2023), there has been a delay of almost four months.  The delay has been caused by Plaintiff's failure to either initiate arbitration on his own or cooperate with the demands to arbitrate that he received from the Defendant.

Plaintiff tries to make the case that his ability to purse his case has been compromised by "cardiac events" and his need to recuperate with relatives living out of state.  His argument is undermined, however, by his vague statements regarding his specific limitations caused by his heart condition and the fact that he continues to disagree with the Court's Order as evidenced by his comments during the June 6th hearing and his decision to file a motion for reconsideration.  This information has convinced the undersigned that Plaintiff's failure to arbitrate his claims or to seek more time from the Court to initiate arbitration was not caused by external circumstances.  Plaintiff chose not to cooperate with Defendant's attempts to arbitrate because he continued to hold an opinion that the Court's decision was incorrect.

    **B.   Will Lessor Sanctions Suffice?**

Even though Plaintiff has not attempted to comply with the Court's order, it is determined that there are sanctions available, short of dismissal, that should ensure compliance with this Court's order. Specifically, an order requiring Plaintiff to cooperate with counsel for Defendant and engage in arbitration within a specific period.  This

requirement should be coupled with a warning that should he not comply with this second order, his action would be subject to dismissal for failure to prosecute. If the Plaintiff fails to comply with this second order without justification, the Court would be left with little choice but to dismiss his action. A refusal to take advantage of this second opportunity would be evidence that additional efforts to gain compliance would be futile.

This careful approach to the imposition of an extreme sanction has been employed by other courts faced with more egregious conduct. See *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018) (Dismissal only after multiple status reports over one year indicated that plaintiff had not submitted case for arbitration.); *Renobato v. Compass Bank Corp.*, 480 F. App'x 764, 766–67 (5th Cir. 2012) (District court gave plaintiff multiple opportunities to initiate arbitration over the course of three years before dismissing action without prejudice.); and *Avalos v. Chavez*, 2020 WL 13628215, at *2–3 (W.D.Tex., 2020) (First notice of twenty-two month delay by Plaintiff to initiate arbitration was not found to be sufficient cause to dismiss action.).

### IV.   Conclusion

For these reasons, it is recommended that the motion to dismiss (Doc. 29) be DENIED without prejudice. Plaintiff's complaint should not be dismissed at this stage because other options are available that should gain compliance with the Court's order. It is recommended that this Mr. Escoffier be given a second opportunity to comply and further, that he be warned that his failure to engage in arbitration as ordered for a second time could result in an order dismissing his case with prejudice.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interest of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     DONE this 28th day of June, 2023.

              s/WILLIAM E. CASSADY
              UNITED STATES MAGISTRATE JUDGE