IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANA ESCOFFIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 22-00198-JB-C |
| iSTORAGE PO, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Plaintiff's "Motion for Extension and to Reinstate Case." (Doc. 65). Upon careful consideration of the record, the Court concludes Plaintiff's Motion is due to be DENIED.

Plaintiff filed this action, *pro se*, in the Circuit Court of Mobile County, Alabama on March 25, 2022. (Doc. 1).[1] Plaintiff asserted breach of contract and related claims based on an alleged rental agreement with Defendant, iStorage PO, LLC, for a storage unit in Mobile County. (*Id.*). On May 18, 2022, Defendant removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §1332. (*Id.*).

The Court dismissed the action on November 13, 2023, based on Plaintiff's repeated

---

[1] The Court "interprets the pleadings of *pro se* litigants more liberally than those drafted by counsel." *Miller v. Coastline Mgmt.*, 2021 U.S. Dist. LEXIS 217918, *3 (S.D. Ala. Nov. 10, 2021). However, the Court "may not serve as *de facto* counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 3 – 4 (quoting *Stone v. Stone*, 2018 U.S. Dist. LEXIS 114180 (N.D. Ala. July 10, 2018 (quoting *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011))). "While pleadings filed by *pro se* litigants are to be construed liberally, *pro se* parties are still required to 'conform to procedural rules.'" *Miller*, 2021 U.S. Dist. LEXIS 217918, *4 (quoting *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)).

failures to prosecute and comply with Court orders. (Doc. 64). The Court had previously cautioned Plaintiff that further failure would subject his action to dismissal. (*Id.*). The final failure which led to dismissal of Plaintiff's action was his failure to appear at a November 9, 2023 hearing of a renewed motion to dismiss. (Docs. 63 and 64). Defendant appeared as ordered on November 9, and renewed its motion to dismiss. Dismissal was entered on November 13, 2023. (Doc. 64).

Plaintiff filed the instant "Motion for Extension and to Reinstate Case" on January 22, 2024. (Doc. 65). Plaintiff contends his failure to appear at the November 9, 2023 hearing was due to his "not having received notice of the hearing timely." (*Id.*). The order requiring him to appear at the November 9 hearing was entered on October 18, 2023 ("Order"). (Doc. 63). That Order was mailed to Plaintiff the same day (October 18), to the address Plaintiff requested. (Docs. 52 and 65-1). Plaintiff contends he did not receive his mailed copy of the Order until November 22, which was after the November 9 hearing he failed to attend. In support of this contention, Plaintiff offers what appears to be his hand-written note "*Rec'ed 11-22-23*" on the envelope in which the Order was mailed to him. (Doc. 65-1). However, that envelope is post-marked 10-18-23, the day the Order was entered. He blames his alleged untimely receipt of the Order on "irresponsible conduct imposed by the United States Postal Service." (Doc. 65).

Even taking as true Plaintiff's contention that he did not receive the Order setting the November 9 hearing until November 23, he failed to notify the Court at the time. Indeed, Plaintiff filed nothing with the Court for more than eight weeks after he claims to have received the Order on November 23, which put him on notice that he failed to attend the November 9 hearing of Defendant's renewed motion to dismiss. Plaintiff did not file the instant motion until January 22,

2024.

Plaintiff also claims to have not timely received the November 13, 2023 order dismissing the action (Doc. 64), but that is of no help to him. He claims he did not receive the November 13 dismissal order until January 11, 2024. (Doc. 65-1). Even assuming this is correct, Plaintiff had then known for some two months that he had failed to appear at the November 9, 2023 hearing of a motion to dismiss his action, which again was based on his prior failures to prosecute. Then, he waited another 10 days to file the instant Motion, on January 22, 2024.

Plaintiff offers an extended account of extenuating circumstances, most of which are immaterial and all of which the Court finds unpersuasive. In light of Plaintiff's repeated failures and delays which caused the dismissal of his action in November, as well as his continuing neglect from the time of dismissal to his filing of the instant Motion, the Court finds that the Motion is due to be DENIED.

**CONCLUSION**

For the reasons stated herein, and after careful consideration of the record, Plaintiff's Motion for Extension and to Reinstate Case (Doc. 65) is DENIED.[2]

**DONE and ORDERED** this 19th day of April, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Judgment will be entered by separate order. To the extent Plaintiff's Motion was intended to comply with Rules 59 or 60 regarding judgments, the Court finds that they fail.